

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| REGINALD DICKS,  § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 9:05-3091-HFF-GCK |
| § | |
| ARENDA THOMAS *et al*, § | |
| § | |
| Defendants. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se*. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending that the Court grant Defendants' motion for summary judgment. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 13, 2006, and Plaintiff filed objections on June 29, 2006.

Plaintiff's objections appear to reiterate the allegations of his original complaint, but they utterly fail to address any of the legal reasoning of the Report. Specific objections are necessary to focus the Court's attention on disputed issues. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). Because general objections to a Magistrate Judge's Report do not direct the Court's attention to any specific portion of the Report, they are tantamount to a failure to object. *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (noting that failure to file specific objections to particular conclusions in magistrate judge's report, after warning of consequences of failure to object, waives further review). In this case, Plaintiff's objections are general in that they merely restate allegations already made in the complaint. Further, the objections fail to address or correct the legal deficiencies in Plaintiff's suit. Therefore, having examined the record pursuant to the standard set forth above, the Court agrees with the Magistrate Judge's conclusion that Defendants' motion for summary judgment should be granted.

Accordingly, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' motion for summary judgment be, and the same is hereby, **GRANTED**.[*]

---

[*] On June 20, 2006, Plaintiff filed a Notice of Appeal of this Court's Order affirming the Magistrate Judge's denial of Plaintiff's motion for discovery. (Order of May 31, 2006.) Because this appeal is clearly interlocutory, this Court retains jurisdiction over the case and, thus, acts within its jurisdiction in issuing the present Order. *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 301-02 (4th Cir. 2000) ("The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered." (quoting *Ex Parte Nat'l Enameling &*

**IT IS SO ORDERED**.

Signed this 5th day of July, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this Order within **thirty (30)** days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

*Stamping Co.*, 201 U.S. 156, 162 (1906))).